UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CRIMINAL NO. 4:04CR-16-M |
| BARRY L. ADAMS | DEFENDANT |

## UNITED STATES' MEMORANDUM REGARDING MANDATORY RESTITUTION

Comes the United States of America, by counsel, Marisa J. Ford, Assistant United States Attorney for the Western District of Kentucky, pursuant to the Court's Order of April 22, 2005, and submits this brief on the issue of restitution. Defendant was sentenced on April 14, 2005. In cases involving the sexual abuse or exploitation of minors, restitution is mandatory pursuant to 18 U.S.C. § 2259. Paragraph (a) of that section provides: "Notwithstanding section 3663 or 3663A, and in addition to any other civil or criminal penalty authorized by law, the court shall order restitution for any offense under this chapter."

Paragraph (b)(1) provides: "The order of restitution under this section shall direct the defendant to pay the victim (through the appropriate court mechanism) the full amount of the victim's losses as determined by the court pursuant to paragraph (2)." At the time of Defendant's sentencing, the United States was informed that the minor victim, TB, and his family had sustained losses in connection with counseling related to the events for which the Defendant has been convicted. Costs associated with counseling are within the compensable losses under § 2259. See 18 U.S.C. § 2259(b)(3) ("For purposes of this subsection, the term 'full amount of the victim's losses' includes any cost incurred by the victim for– (A) medical services relating to physical, psychiatric or psychological care.")

At the time of sentencing, the United States did not have information regarding the total expenses incurred by the victim's family for counseling and asked the Court to delay imposition of an order regarding restitution up to 90 days pursuant to 18 U.S.C. § 3664. Since that time, the United States has been advised that the family of the victim, TB, incurred costs of $1,200.00 related to counseling.

The victim's family has applied with the Commonwealth of Kentucky for reimbursement with the Crime Victims Compensation Fund, but no determination has yet been made (or is likely to be made in the near future) on whether payment will be made from that resource. As such, this Court should enter an order requiring the defendant to pay $1,200.00 in restitution. See 18 U.S.C. § 2259(b)(4)(B) ("A court may not decline to issue an order of restitution under this section because of (ii) the fact that a victim has, or is entitled to, receive compensation for his or her injuries from the proceeds of insurance or any other source.").

Accordingly, Defendant should be ordered to pay restitution in the amount of $1,200.00. Defendant's payment of restitution may be offset by the amount of any payments ultimately received by the victim through the Crime Victims Compensation Fund.

Respectfully submitted,

DAVID L. HUBER
United States Attorney

Marisa J. Ford  *William F. Campbell, AUSA*
Assistant U.S. Attorney   *for*
510 W. Broadway, 10th Floor
Louisville, KY 40202
(502) 582-5930

2

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing memorandum regarding mandatory restitution was served this 10th day of June, 2005, to Scott T. Wendelsdorf, Federal Defender, 200 Theatre Building, 629 Forth Avenue, Louisville, Kentucky 40202, counsel for Defendant, Barry L. Adams.

Marisa J. Ford
Assistant U.S. Attorney